JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Village Green Homeowners Association

**DEFENDANTS**
CIVIL SERVICE EMPLOYEES INSURANCE COMPANY; CSE SAFEGUARD INSURANCE COMPANY CSE

(b) County of Residence of First Listed Plaintiff   **Nevada**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **California**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Christensen Law Offices, 1000 S. Valley View Blvd., Las Vegas, NV. (702) 870-0155

Attorneys (If Known)
Atkin Winner & Sherrod, Trevor L. Atkin. 1117 S. Rancho Dr., Las Vegas, NV 89102. (702) 243-7000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1382 and 28 U.S.C. 1441
Brief description of cause:
Breach of Contract/Bad Faith

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of $50,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: November 17, 2009
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TREVOR L. ATKIN
Nevada Bar No. 3133
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
*Attorneys for Defendants Civil Service*
*Employees Insurance Group; Civil Service*
*Employees Safeguard Insurance Company;*
*and CSE Insurance Group*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| VILLAGE GREEN HOMEOWNERS ASSOCIATION<br><br>Plaintiff,<br><br>vs.<br><br>CIVIL SERVICE EMPLOYEES INSURANCE COMPANY; CSE SAFEGUARD INSURANCE COMPANY CSE INSURANCE GROUP; a/k/a CSE WESTERN RISK COMPANY; FRANCINE STOCKING and DOES I-V, and ROE CORPORATIONS, I-V, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**PETITION FOR REMOVAL TO FEDERAL COURT** |

Defendants, CIVIL SERVICE EMPLOYEES INSURANCE COMPANY, CIVIL SERVICE EMPLOYEES SAFEGUARD INSURANCE COMPANY, (*Improperly designated herein as "CSE SAFEGUARD INSURANCE COMPANY"*), and CSE INSURANCE GROUP, (*Improperly designated herein as "CSE INSURANCE GROUP; a/k/a, CSE WESTERN RISK COMPANY"*) by and through their attorneys, ATKIN WINNER & SHERROD, do hereby provide notice of the removal of the above-entitled action to the United States District Court, District of Nevada and further state in support of removal to this Court's jurisdiction as follows:

1. Civil Service Employees Insurance Company, Civil Service Employees Safeguard Insurance Company and CSE Insurance Group are named Defendants in the above-entitled action.

2. The above-entitled action was commenced against Defendants on October 8, 2009 in the District Court, Clark County, Nevada, and is now pending in such Court as Case No. A601206.

3. Defendants are informed and believe that the Summons and Complaint have yet to be properly served upon them as of November 17, 2009.

4. The above captioned action is an action for damages wherein Defendants are informed and believe and thereon assert that the amount in controversy exceeds the sum of $75,000.00. In support of the claim that the amount in controversy exceeds $75,000.00, Defendants state as follows:

Plaintiff's Complaint asserts causes of action for breach of contract, breach of the covenant of good faith and fair dealing (bad faith), and unfair claims practices. Further, Plaintiff's Complaint seeks to recover compensatory or expectation damages, consequential damages, emotional distress, attorney's fees, and punitive damages.

Plaintiff alleges that there was in force and effect a policy of insurance from December 2005 through the present which provided certain benefits to it, including coverage for water damage and leakage. Further, that said policy was sold by Defendants WESTERN RISK and FRANCINE STOCKING. Plaintiff goes on to allege that it presented a claim upon "CSE" for compensation under the terms of the policy due to a sprinkler water leak and that "CSE" has improperly and in bad faith denied the claim. Defendants believe that there exists no coverage for the claim presented by Plaintiff.

Plaintiff seeks not only contractual benefits, but has also asserted causes of action for emotional distress and other incidental damages, as well as punitive damages. Punitive damages against an insurance company are unlimited when imposed for bad faith. NRS 42.005(2)(b).

Based upon the foregoing, Defendants are informed and believe that Plaintiff is seeking recovery of damages, which if proven, would be in excess of $75,000.00.

5. Plaintiff alleges that at all relevant times it is and was a homeowner's association with its principle place of business in the County of Clark, State of Nevada.

6. Defendant Civil Service Employees Insurance Company is incorporated in the State of California and maintains its principal place of business outside the State of Nevada.

7. Defendant Civil Service Employees Safeguard Insurance Company is incorporated in the State of California and maintains its principal place of business outside the State of Nevada.

8. Defendant CSE Insurance Group is incorporated in the State of California and maintains its principal place of business outside the State of Nevada.

9. Defendants are informed and believe and thereon allege that Defendant Western Risk Company is a Nevada Corporation licensed to transact business in the State of Nevada.

10. Defendants are informed and believe and thereon allege that Defendant Francine Stocking, a/k/a, Francie Stocking, is a resident of the State of Nevada.

11. Defendants are informed and believe and thereon allege that Defendants Western Risk Company and Francine Stocking are improperly named as defendants in the instant action for the sole and limited purpose of improperly defeating diversity jurisdiction and that counsel for Western Risk Company and Francine Stocking, Jeffrey D. Olster, Esq., will be filing a motion to dismiss them from the instant action.

12. There is diversity of citizenship between Plaintiff and Defendants Civil Service Employees Insurance Company, Civil Service Employees Safeguard Insurance Company, and CSE Insurance Group and this Court has jurisdiction over the above-entitled action pursuant to 28 U.S.C. §13832 and 28 U.S.C. §1441.

8. A copy of the Complaint is attached hereto as Exhibit A.

///

///

///

///

///

///

WHEREFORE, Defendants, Civil Service Employees Insurance Company, Civil Service Employees Safeguard Insurance Company and CSE Insurance Group request that the above-captioned action be removed from District Court, Clark County, Nevada, to this Court.

DATED this 18th day of November, 2009.

                          ATKIN WINNER & SHERROD

                          */s/ Trevor L. Atkin*
                          Trevor L. Atkin
                          Nevada Bar No. 3133
                          1117 South Rancho Drive
                          Las Vegas, Nevada 89102
                          *Attorneys for Defendants Civil Service Employees Insurance Group; Civil Service Employees Safeguard Insurance Company; and CSE Insurance Group*

160634.DOC

EXHIBIT A

```
 1  COM
    THOMAS CHRISTENSEN, ESQ.,
 2  Nevada Bar No. 2326
 3  DAVID F. SAMPSON, ESQ.
    Nevada Bar No. 6811
 4  CHRISTENSEN LAW OFFICES, LLC
    1000 S. Valley View Blvd.
 5  Las Vegas, Nevada 89109
 6  Attorneys for Plaintiffs
```

FILED
OCT - 8 2009
CLERK OF COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| VILLAGE GREEN HOMEOWNERS ASSOCIATION | |
| Plaintiffs, | Case No. A-09-601206-C |
| vs. | Dept. No. X |
| CIVIL SERVICE EMPLOYEES INSURANCE COMPANY; CSE SAFEGUARD INSURANCE COMPANY CSE INSURANCE GROUP; a/k/a CSE WESTERN RISK COMPANY; FRANCINE STOCKING and DOES I-V, and ROE CORPORATIONS, I-V, inclusive, | A-09-601206-C 447934 |
| Defendants. | |

### COMPLAINT

COME NOW the Plaintiff, VILLAGE GREEN HOMEOWNER'S ASSOCIATION ("VILLAGE GREEN"), by and through their attorneys THOMAS CHRISTENSEN, ESQ., of the law firm of CHRISTENSEN LAW OFFICES, LLC., and for Plaintiff's Complaint against the Defendants, and each of them, allege as follows:

RECEIVED
OCT 08 2009
CLERK OF THE COURT

1. That Plaintiff, VILLAGE GREEN, was at all times relevant to this action a homeowner's association with its principle place of business in the County of Clark, State of Nevada.

2. That Defendant, Civil Service Employees Insurance Company ("CSE"), upon information and belief, was at all times relevant to this action a corporation doing business in the State of Nevada.

3. That Defendant, CSE Insurance Group, upon information and belief, was at all times relevant to this action a corporation doing business in the State of Nevada.

4. That Defendant, CSE Safeguard Insurance Company, upon information and belief, was at all times relevant to this action a corporation doing business in the State of Nevada.

5. That Defendant, Western Risk Company ("Western"), upon information and belief, was at all times relevant to this action a corporation doing business in the State of Nevada.

6. That Defendant FRANCINE STOCKING, upon information and belief, was at all times relevant to this action a resident of the State of Nevada.

7. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DOES I through V and ROE CORPORATIONS I through V, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as DOE or ROE CORPORATION is responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged, and that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through V and ROE CORPORATIONS I through V, when the same have been ascertained, and to join such Defendants in this action.

8. That VILLAGE GREEN had in effect from December 2005 through the present, a policy of insurance with Defendants, CSE ("the Policy"); that the Policy provides certain benefits to VILLAGE GREEN, and its occupants as specified in the Policy; and the Policy included coverage for water damage and leakage.

9. That WESTERN RISK, through its agent and representative, FRANCINE STOCKING, sold the Policy to VILLAGE GREEN and that at the time the said Defendants sold the Policy to VILLAGE GREEN WESTERN RISK and FRANCINE STOCKING knew or should have known VILLAGE GREEN would not honor the Policy in the event a claim was ever made.

10. WESERN RISK and FRANCINE STOCKING acted in concert with CSE to commit the acts alleged herein and that WESTERN RISK and FRANCINE STOCKING took the actions alleged herein by any or all of the Defendants in this action.

11. That from December 2005 through September 2007 VILLAGE GREEN noticed a rise in water use on its water bill and took steps to investigate the source of the increase in the water bill. That after extensive efforts to uncover the cause of the increasing water bill, VILLAGE GREEN ultimately in September 2007 discovered that the cause of the increase was a water leak in its sprinkler system.

12. That VILLAGE GREEN, made a claim to CSE for compensation under the terms of the Policy due to the sprinkler water leak.

13. That CSE has denied VILLAGE GREEN's insurance claim on the basis that the Policy contains an exclusion under Part I(C)(1)(a)(14) for "seepage or leakage, meaning continuous or repeated seepage or leakage or water that occurs over a period of 14 days or more." That the Part I(C)(1)(a)(14) of the Policy upon which CSE is basing its denial is

1  not a part of the Policy as the Policy contains an addendum entitled "Special Provisions-
2  Nevada" which specifically states that under Part I(C)(1)(a)(14), the language "is deleted in
3  its entirety and replaced by the following: (14) Seepage or leakage, meaning repeated
4  seepage or leakage of water or steam whether continuous or intermittent from any: (a)
5  heating, air conditioning or refrigeration system; (b) domestic appliance; or (c) plumbing
6  system, including from or around any shower stall or other shower bath, bathtub or other
7  plumbing fixture."

14.    That the leak at VILLAGE GREEN resulted from the sprinkler system and not from any heating, air conditioning or refrigeration system, domestic appliance, or plumbing system, including from or around any shower stall or other shower bath, bathtub or other plumbing fixture.

15.    That the Policy specifically states "But if loss or damage by fire, explosion or sprinkler leakage results, we will pay for that resulting loss or damage."

16.    That VILLAGE GREEN has duly performed all the conditions, provisions and terms of the Policy relating to the loss sustained; that Plaintiff, has furnished and delivered to the Defendant full and complete particulars of said loss and have fully complied with all of the provisions of the Policy relating to the giving of notice of said loss, and have duly given all other notices required to be given by the Plaintiff under the terms of the Policy.

17.    That Plaintiff cooperated with CSE in their investigation including but not limited to providing CSE with any and all information within Plaintiff's possession and doing everything requested by CSE.

18.    That the Plaintiff is legally entitled to recover damages under the Policy in an amount in excess of $50,000.00, plus all applicable interest.

19. Plaintiff has not received payments under the policy for the sprinkler leakage loss from CSE.

20. The failure of CSE to pay the proper compensation under the claim has caused additional expense and aggravation to Plaintiff.

21. That CSE accepted VILLAGE GREEN's premium payments under the Policy and never alleged the Policy was not valid.

22. That Defendants, and each of them, are in breach of contract by their actions which include, but are not limited to:

    a. Wrongfully failing to pay under the Policy;

    b. Not dutifully and timely completing its investigation of the claim; and

    c. Improperly denying the claim by relying on portions of the policy which were specifically deleted and replaced under the addendum.

23. As a proximate result of the aforementioned breach of contract, Plaintiff has suffered and will continue to suffer in the future, damages in an amount in excess of $50,000.00.

24. As a further proximate result of the aforementioned breach of contract, Plaintiff and their homeowners have suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all to their general damage in excess of $50,000.00.

25. That Defendant owed to Plaintiff a duty of good faith and fair dealing implied in every contract.

26. That Defendant was unreasonable by delaying payment under the Policy, refusing to complete its investigation in a timely manner and pay under the Policy.

27. That as a proximate result of the aforementioned breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and will continue to suffer in the future, damages in an amount exceeding $10,000.00 plus interest.

28. That as a further proximate result of the aforementioned breach of the implied covenant of good faith and fair dealing, Plaintiff and their homeowners have suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all to their general damage in excess of $10,000.00.

29. That Defendant's conduct alleged herein was oppressive and malicious in that Defendant's wrongfully prevented Plaintiff from obtaining the benefit of the Policy. All of this was done in conscious disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00.

30. That as a further proximate result of the aforementioned breach of the implied covenant of good faith and fair dealing, Plaintiff was compelled to retain legal counsel to prosecute this claim, and Defendant, and each of them, are liable for their attorney's fees reasonably and necessarily incurred in connection therewith.

31. That Defendants, and each of them, acted unreasonably and with knowledge that there was no reasonable basis for its conduct, in its actions which include but are not limited to: delaying payment under the Policy, refusing to complete its investigation in a timely manner and pay under the Policy.

32. That as a proximate result of the aforementioned bad faith, Plaintiff has suffered and will continue to suffer in the future, damages in an amount in excess of $10,000 plus interest.

33. That as a further proximate result of the aforementioned bad faith, Plaintiff and their homeowners have suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all to their general damage in excess of $10,000.00.

34. That Defendants conduct and bad faith alleged herein was oppressive and malicious in that Defendants wrongfully prevented Plaintiff from obtaining the benefit of the Policy. All of this was done in conscious disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00.

35. That as a further proximate result of the aforementioned bad faith, Plaintiff was compelled to retain legal counsel to prosecute this claim, and Defendants, and each of them, are liable for their attorney's fees reasonably and necessarily incurred in connection therewith.

36. That Defendants, and each of them, violated NRS 686A.310 by their actions, including but not limited to: delaying payment under the Policy, refusing to complete its investigation in a timely manner and pay under Policies, an denying the claim based on language that had been specifically omitted from the Policy.

37. That as a proximate result of the aforementioned violation of NRS 686A.310, Plaintiff has suffered and will continue to suffer in the future, damages in an amount in excess of $10,000 plus interest.

38. That as a further proximate result of the aforementioned violation of NRS 686A.310, Plaintiff and their homeowners have suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all to their general damage in excess of $10,000.00.

39. That Defendants conduct alleged herein was oppressive and malicious in that Defendants wrongfully prevented Plaintiff from obtaining the benefit of the Policy. All of this was done in conscious disregard of Plaintiff's rights and therefore Plaintiffs are entitled to punitive damages in an amount in excess of $10,000.00.

40. That as a further proximate result of the aforementioned violation of NRS 686A.310, Plaintiff was compelled to retain legal counsel to prosecute this claim, and Defendants, and each of them, are liable for their attorney's fees reasonably and necessarily incurred in connection therewith.

41. That Defendants, and each of them, violated NAC 686A.670 by their actions, including but not limited to: delaying payment under the Policy, refusing to complete its investigation in a timely manner and pay under Policies, an denying the claim based on language that had been specifically omitted from the Policy.

42. That as a proximate result of the aforementioned violation of 686A.670, Plaintiff has suffered and will continue to suffer in the future, damages in an amount in excess of $10,000 plus interest.

43. That as a further proximate result of the aforementioned violation of 686A.670, Plaintiff and their homeowners have suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all to their general damage in excess of $10,000.

44. That Defendants conduct alleged herein was oppressive and malicious in that Defendants wrongfully prevented Plaintiff from obtaining the benefit of the Policy. All of this was done in conscious disregard of Plaintiff's rights and therefore Plaintiffs are entitled to punitive damages in an amount in excess of $10,000.

45. That as a further proximate result of the aforementioned violation of 686A.670, Plaintiffs were compelled to retain legal counsel to prosecute this claim, and Defendants, and each of them, are liable for their attorney's fees reasonably and necessarily incurred in connection therewith.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. Special Damages as proven in excess of $10,000.00;

2. General damages for mental and emotional distress and other incidental damages in an amount in excess of $10,000.00;

3. Punitive damages in an amount in excess of $10,000.00;

4. Attorney's fees and costs of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.

DATED this ___ day of September, 2009.

CHRISTENSEN LAW OFFICES, LLC

By: _____
Thomas Christensen, Esq.,
Nevada Bar No. 2326
David F. Sampson, Esq.
Nevada Bar No. 6811
1000 S. Valley View Blvd.
Las Vegas, Nevada 89107
Attorneys for Plaintiff